**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, NJ  07068
973-618-0400
Attorneys for Plaintiff,
   Cathleen McDonough and the Putative Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHLEEN MCDONOUGH | : | Civil Action No. |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | |
| | | COMPLAINT AND JURY DEMAND |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., | : | |
| | : | |
| Defendants. | | |
| | : | |

Plaintiff, Cathleen McDonough, individually and on behalf of the class of individuals herein similarly situated say:

### INTRODUCTION

1.  This is a class action, on behalf of all individuals who are covered by fully insured medical insurance policies written by Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter "Horizon") during the six-year period prior to the filing of this Complaint (the "Class Period"). The named plaintiff is a citizen of and resides in New Jersey, and most of the members of the class are citizens of and reside in New Jersey.

2. Plaintiffs claims relate to the manner in which Horizon processes and pays claims regarding services provided by out-of-network ("ONET") providers. Pursuant to the applicable insurance policies, Horizon has a contractual obligation to calculate payments using the usual and customary rates ("UCR") for similar services in the geographical area. Horizon's failure to process and pay claims in the manner set forth in the contract of insurance constitutes a breach of its obligations to its insureds in violations of ERISA Section 502(a)(1)(B). In addition, New Jersey regulations governing Small Employer Health Plans ("SEHP") N.J.A.C. 11:21-7.13(a) impose requirements beyond those set forth in ERISA. Horizon does not comply with these state regulations and in general makes UCR determinations on an arbitrary and capricious basis.

3. Horizon has failed to comply with the terms of Plaintiff's health plan by systematically making UCR determinations that reduced the amount allowable under its contract in violation of SEHP regulations, and applicable law. Plaintiff and the Class seek to be reimbursed for their improperly denied benefits as well as other equitable and legal relief to remedy the ongoing ERISA violations, as well as violations of the New Jersey Regulations and other applicable law.

4. This Complaint is filed as related to existing litigation pending in this District, namely, <u>Franco v. Connecticut General Life Insurance Co.</u>, Case No. 07cv6039 (FSH)(PS), <u>Cooper v. Aetna, Inc.</u>, Case No. 07cv3541 (FSH)(PS) and <u>Malchow v. Oxford Health Plans, Inc.</u>, Case No. 08cv00935 (FSH)(PS); <u>Chazen v. Connecticut General Life Ins. Co.</u>, Case No. 08cv4106(FSH)(PS).

## PARTIES

5. Plaintiff Cathleen McDonough, residing in Summit, New Jersey is covered by a small employer group policy of insurance issued by Horizon. The benefits under this policy are governed by both ERISA and New Jersey's small employer health plan regulations, N.J.A.C. Section 11:21-7.13(a) (herein the "SEHP Regulations").

6. Defendant, Horizon, with a principal place of business located at Three Penn Plaza East, Newark, New Jersey, is the State's largest health insurer, covering over 3.1 million insureds.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Complaint under the Employee Retirement Insurance Security Act of 1974 ("ERISA") §502, 29 U.S.C. §1132. In addition, the Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(d)(2)(A) in that the amount in controversy, exclusive of interest and costs,

exceeds $5,000,000.00 and this is a class action in which members of the class of plaintiffs are citizens of a State different from Horizon. Additionally, as to non-ERISA plaintiffs, this Court has Supplemental Jurisdiction pursuant to 28 U.S.C. Section 1367.

8. Venue is proper pursuant to 28 U.S.C. Section 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## MATERIAL ALLEGATIONS

9. The Horizon policy provides for out-of-network UCR reimbursements after deductible and coinsurance.

10. The Defintions contained in the policy provided to McDonough explains that "Allowance" is "an amount determined by Horizon BCBSNJ as the least of the following amounts . . . "in the case of Out-of-Network Providers, the amount determined for the service or supply based on the Resource Based Relative Value system promulgated by the Centers for Medicare and Medicaid Services; or (d) in the case of Out-of-Network Providers, an amount determined for the service or supply based on: (i) profiles compiled by Horizon BCBSNJ based on the usual and prevailing payments made to providers for similar services or

supplies in specific geographical areas; or (ii) similar profiles compiled by outside vendors.. ."

11.  The policy does not mention which outside vendor or vendors is used by Horizon to determine UCR.

12.  Horizon uses its UCR policies and procedures relating to ONET services to reduce reimbursements in ways that are not disclosed in Horizon's health plan with Plaintiff.

13. As a result, Horizon has violated, and continues to violate, its legal obligations to Plaintiff and other similarly situated individuals.

14.  Horizon has failed to provide data and documentation regarding their ONET determinations to their Members.  Horizon's lack of disclosure violates ERISA and applicable law.  By failing to give Members an explanation of the basis for their UCR determinations, Horizon has failed to provide the "full and fair review" required by ERISA.

15.  Plaintiff seeks unpaid benefit amounts, and legal and equitable relief for the conduct described herein, on their own behalf and on behalf of the proposed Class and/or subclasses.

CLASS ACTION ALLEGATIONS

The Class

16.  Plaintiff brings this action on her own behalf and on behalf of a class of all persons who during the Class Period, Members of Insureds and their dependents in any health plan

administered by Horizon or as to which Horizon is a claims fiduciary, who received medical or hospital services from an out-of-network provider and for whom Horizon made out-of-network determinations (including but not limited to reductions based on UCR) in an amount less than the billed charge for that procedure. Class members include Members in health plans fully insured by Horizon (collectively, the "Class").

17. The Class brings this action against Horizon for the following: to recover unpaid benefits due them under the plan and to enforce and clarify their rights under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). 29 C.F.R. §2560.503.1. Plaintiff alleges that Horizon breached its contractual obligations to pay UCR as defined in Horizon's health plan contracts, including by relying on a database that cannot satisfy the contractual definition of UCR. Plaintiff and the Class allege that Horizon is a claims fiduciary and an ERISA fiduciary, and has violated its fiduciary duties of loyalty and care under ERISA §404(a)(1)(B) and (D), and 406 *inter alia*, by making out-of-network reimbursement determinations using unauthorized and undisclosed rules; by failing to provide required data and other information to Members, and by failing to apprise Members of material information regarding how Horizon determined their out-of-network reimbursement amounts. Plaintiff also alleges that Horizon has violated specific ERISA

provisions relating to appeals and Summary Plan Descriptions ("SPDs"), and has violated claim procedure regulations. Finally, Plaintiff alleges that Horizon has determined UCR in violation of the New Jersey SEHP Regulation.

18. The members of the Class are so numerous that joinder of all members is impractical. Upon information and belief, Horizon insures millions of Members nationwide. Upon information and belief, Horizon insures thousands of Members who are in New Jersey small employer plans. The Class contains Members of health plans administered by Horizon or as to which Horizon is a claims fiduciary.

19. Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the Class, including: whether Horizon breached its health plan contracts in determining UCR; whether Horizon underpaid out-of-network benefits for Members of the Class; whether Horizon violated its fiduciary duties in failing to disclose material information and/or data to Members; whether Horizon systematically and typically failed to provide a "full and fair review" to Members and their assignees who received determinations reflecting UCR; whether Horizon systematically and typically violated ERISA or federal claims procedure regulations; whether Horizon systematically violated the SEHP Regulation applicable to New Jersey small employer plan members;

and whether Horizon systematically violated ERISA or federal claims procedure regulations as to New Jersey small employer plan members.

20. The named Plaintiff's claims are typical of the claims of the Class members because, as a result of the conduct alleged herein, Horizon has breached their statutory, plan and contractual obligations to Plaintiff and the Class through and by a uniform pattern or practices as described herein.

21. The named Plaintiff will fairly and adequately protect the interests of the members of the Class, are has retained counsel experienced in Class litigation and have no interests antagonistic to or in conflict with those of the Class.

22. The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Horizon.

23. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the harm done to them. Given the uniform policy and practices at issue, there will also be no

difficulty in the management of this litigation as a Class action.

24. Horizon failed to comply with the terms of Plaintiff's health plan by systematically making UCR determinations that have the effect of underpaying benefits in amounts less than amounts authorized by Horizon's health plan contracts, in part by using flawed, invalid data to make its reimbursement determinations.

## COUNT I

25. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

26. Under the provisions of Plaintiffs and the class members health plans Horizon functions as a fiduciary within the meaning of ERISA.

27. Horizon breached its plan provisions for benefits by underpaying UCR and other ONET reimbursement amounts. Horizon also breached its obligations to Plaintiff in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), by paying out-of-network reimbursement less than the amounts Horizon contractually agreed to pay. Horizon is liable to Members whenever Horizon breached its health plans. Thus, Horizon is liable to Plaintiff and the Class for unpaid benefits and interest under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

28. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff and the Class are entitled to obtain unpaid benefits, interest and other relief provided by law.

### COUNT II

29. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

30. Plaintiff's benefits were determined under a Horizon small employer health plan ("SEHP") in New Jersey. SEHP plans are governed by ERISA and are subject to a New Jersey SEHP regulation. The New Jersey SEHP Regulation imposes additional requirements beyond those required under ERISA. New Jersey adopted the SEHP Regulation in an effort to ensure that all Members of small employer plans, who were not in a position to negotiate the best benefit packages from insurers, would receive a minimum level of benefits.

31. The SEHP Regulation specifies, among other things, that the ". . . carrier shall pay covered charges for medical services on a reasonable and customary basis, or actual charges, and for hospital services, based on actual charges." It requires Horizon's UCR determinations be equal to or greater than the 80th percentile of the most updated version of the Ingenix database. It also requires Horizon to pay out-of-network hospital services based on billed charges. Horizon's

reimbursements to Plaintiff and the Class violated the SEHP Regulation. For members of the New Jersey small employer plans, Horizon breached ERISA by violating its obligations under the SEHP Regulation.

32. Horizon's UCR and other ONET reimbursement determinations to Plaintiff violate the SEHP Regulation.

33. Plaintiff, individually and on behalf of other New Jersey small plan insureds, is entitled to unpaid benefits, and other relief provided by law.

## COUNT III

34. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

35. Horizon is obliged to conduct a full and fair review of appeals in accordance with ERISA.

36. Although Horizon was obligated to do so, it failed to provide a "full and fair review" of denied claims pursuant to ERISA § 503, 29 U.S.C. § 1133 (and the regulations promulgated thereunder) for Plaintiff, *inter alia*, by failing to disclose the methodology it relied on in determining UCR, and failing to comply with appeal procedures imposed by ERISA and applicable state regulations as well as applicable law.

37. Plaintiff and the Class have been harmed by Horizon's failure to provide a "full and fair review" of appeals submitted

by Plaintiff and the Class under ERISA § 503, 29 U.S.C. § 1133, and by Horizon's failure to disclose information relevant to Members' and providers' appeals in violation of ERISA and the applicable law.

### COUNT IV

38. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

39. Horizon functions as an insurance company administrator within the meaning of such terms under ERISA claims procedure regulations. Horizon must comply with all such ERISA claims procedure regulations in denying any benefit to Plaintiff and the Class. Plaintiff and the Class are entitled to assert a claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) for a failure to comply with these requirements.

40. The claims procedure regulations set forth minimum standards for claims procedures, appeals, notice to Members, and the like. In engaging in the conduct described herein, including but not limited to, making out-of-network determinations that are inconsistent with the terms of group health plans, by failing to give required notice to Members, and failing to disclose data and/or methodology they used to determine UCR or other out-of-network reimbursements, Horizon failed to comply with such regulations.

41. The consequences of Horizon's failure to comply with the regulations (as well as applicable law), are that Horizon failed to provide reasonable claims procedures, and failed to make required disclosures.

42. Members' administrative remedies are deemed exhausted *inter alia* by virtue of the invalid database and Horizon's failure to provide reasonable claims procedures. Any appeal would have been futile.

## COUNT V

43. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

44. Horizon is required under ERISA to provide disclosures including Summary Plan Description ("SPD") materials pursuant to ERISA § 102, 29 U.S.C. § 1022 and § 104(b)(4), 29 U.S.C. § 1024(b)(4).

45. Horizon's failure to supply accurate SPDs and accurate information is a violation of obligations under ERISA § 502(c), 29 U.S.C. § 1132(c).

46. Plaintiff and the Class have been harmed by Horizon's violations of ERISA § 102, 29 U.S.C. § 1022 and § 104(b)(4), 29 U.S.C. § 1024(b)(4).

## COUNT VI

47. Plaintiff repeats and realleges each of the allegations set forth above as though set forth at length herein.

48. Horizon acts as a fiduciary to Plaintiff in connection with their health plans, as the terms fiduciary is defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

49. As a fiduciary under ERISA, Horizon owes its insureds a duty of care, defined as an obligation to act prudently, with care, skill, prudence and diligence. Fiduciaries are also required to follow the documents and instruments governing the plan as set forth in ERISA § 404(a)(1)(B) and (D), 29 U.S.C. § 1104(a)(1)(B) and (D). By failing to act prudently, and in accordance with the documents governing the plan, Horizon breached its fiduciary duty to plaintiffs.

50. Horizon violated and violates its fiduciary duty of loyalty, *inter alia*, by making UCR and other ONET reimbursement determinations that benefited themselves at the expense of insureds. Among other things, Horizon relied upon a flawed and inaccurate data base.

51. Plaintiff seeks an award of damages and other relief as a result of Horizon's violation of fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

WHEREFORE, Plaintiff demands judgment in her favor against Horizon as follows:

A.  Declaring the Horizon has breached the terms of Plaintiff's health plan and those of the Class, and awarding unpaid benefits to the Plaintiff and the Class members, including awarding injunctive and declaratory relief to ensure enforcement of plan terms and to clarify future entitlement to benefits, with respect to UCR determinations;

B.  Declaring that Horizon has failed to provide a "full and fair review" to Plaintiff and the Class under ERISA § 503, 29 U.S.C. § 1133, and awarding injunctive, declaratory and other equitable relief to Plaintiff and the Class to ensure compliance with ERISA's requirements;

C.  Declaring that Horizon has violated its disclosure under ERISA and the federal common law, including under § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 102, 29 U.S.C. § 1022, for which Plaintiff and the Class are entitled to injunctive declaratory and other equitable relief.

D.  Declaring that Horizon has its fiduciary duties of loyalty and care to Plaintiff, and awarding appropriate relief, including restitution, declaratory and injunctive relief to Plaintiff and the Class, including removing any breaching fiduciary;

E.   Declaring that Horizon has violated federal claims procedures, and awarding Plaintiff and the Class declaratory and injunctive relief to remedy such violations;

F.   Declaring that Horizon violated ERISA's SPD requirements, and enjoining future use of noncompliant SPDs;

G.   Awarding Plaintiff and other New Jersey small employer plan class members unpaid benefits in all instances where Horizon failed to comply with the New Jersey SEPH Regulation, and declaratory, injunctive and equitable relief to ensure past and future compliance with New Jersey law;

H.   Awarding plaintiff and the Class the costs and disbursements of this action, including reasonable counsel fees, costs and expenses in amounts to be determined by the Court;

I.   Awarding prejudgment interest; and

J.   Granting such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400

By: _____
    Bruce H. Nagel, Esq.
    Attorneys for Plaintiff

Dated: February 9, 2009