UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHLEEN MCDONOUGH,<br><br>       Plaintiff,<br><br>  v.<br><br>HORIZON BLUE CROSS BLUE SHIELD<br>OF NEW JERSEY, INC.,<br><br>       Defendant. | Civil Action No. 09-571 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

  This matter comes before the Court on the motion by Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant" or "Horizon") to dismiss the Complaint filed by Plaintiff Cathleen McDonough ("Plaintiff" or "McDonough") [docket entry 12]. McDonough has opposed the motion. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the Complaint pleads claims arising under the Employee Retirement Income Security Act ("ERISA"), 15 U.S.C. § 1001, et seq. The Court has opted to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. After consideration of the parties' briefing, the Court has determined that it will grant the motion and dismiss the Complaint without prejudice. The Court will also afford Plaintiff an opportunity to re-plead to attempt to cure the deficiencies.

**I. BACKGROUND**

This putative class action arises out of the alleged underpayment of benefits relating to the manner in which Horizon, which writes and administers health insurance policies, processed and paid claims for services provided by out-of-network ("ONET") providers to insureds. Plaintiff McDonough is an insured under a small employer group policy of insurance issued by Horizon. She purports to represent a nationwide class consisting of all members of "any health plan administered by Horizon or as to which Horizon is a claims fiduciary, who received medical or hospital services from an out-of-network provider and for whom Horizon made out-of-network determinations (including but not limited to reductions based on UCR) in an amount less than the billed charge for that procedure." (Compl., ¶ 16.) The policy which covers Plaintiff is an employee health benefit plan, and Plaintiff accordingly asserts claims under ERISA[1] for unpaid benefit amounts and for other legal and equitable relief based on Horizon's alleged breach of its fiduciary duty of loyalty and care and on its alleged breach of various ERISA procedural requirements.

According to the Complaint, all applicable health policies, including Plaintiff's, required Horizon to calculate the payment of a claims for an ONET service based on the usual and customary rate ("UCR") for a similar service in the geographical area. (Id., ¶ 2.) The Complaint further avers that the policies permit Horizon to determine a UCR based on profiles of usual and

---

[1] It is well-established that ERISA exclusively governs all matters relating to an employee benefit plan. 29 U.S.C. §§ 1003(a), 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). Plans which provide medical benefits constitute employee benefit plans within the meaning of the statute. 29 U.S.C. 1002(1) and (3).

2

prevailing payments it has compiled or such similar profiles complied by outside vendors." (Id., ¶ 10.) Plaintiff alleges that the UCRs on which Horizon determined ONET reimbursement amounts were generated by a database containing "flawed, invalid data" causing Horizon to underpay ONET claims. (Id., ¶¶ 17, 24.) Although the Complaint does not expressly aver whether Horizon determined UCR based on its own profiles or on an outside vendor's database, the Complaint reasonably permits the inference that Plaintiff contends that a third-party's database was used: Paragraph 11 alleges that "[t]he policy does not mention which outside vendor or vendors is used by Horizon to determine UCR." (Id., ¶ 11.)

The gravamen of the action is that "by relying on a database that cannot satisfy the contractual definition of UCR," underpaying ONET claims, and failing to disclose to insureds information concerning how ONET reimbursements were calculated, Horizon breached its obligations under the health insurance policies and under ERISA. (Id., ¶ 17.) The Complaint asserts six counts: a claim for unpaid benefits under ERISA § 502(a)(1)(B) (Counts I and II); a claim for failure to provide a "full and fair review" of denied claims for benefits under ERISA § 503 (Count III); a claim under ERISA § 502(a)(3) for failure to abide by statutory and regulatory procedural requirements (Count IV); a claim for failure to provide disclosures as required by ERISA § 502(c) (Count V); and a claim under ERISA § 502(a)(3) for breach of the fiduciary duties of prudence and loyalty imposed by ERISA § 404(a)(1)(B) and (D).

## II.   DISCUSSION

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims asserted in the Complaint for failure to state a claim upon which relief may be

granted. A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court has held that this means that the claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing to meet the pleading standard of Federal Rule of Civil Procedure 8(a), allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. An adequately-pled Complaint must set forth facts that, taken as true, show that the plaintiff is entitled to relief. Iqbal, 129 S.Ct. at 1950.

The Complaint before the Court is notable for its dearth of factual substance. The actual wrongdoing which the Complaint charges against Horizon is comprised of the following core allegations: With regard to underpayment of benefits in violation of ERISA, the Complaint alleges that "Horizon breached its contractual obligations to pay UCR as defined in Horizon's health plan contracts, including by relying on a database that cannot satisfy the contractual definition of UCR." (Compl., ¶ 17.) Stating this alleged misconduct in a slightly different way, the Complaint avers that by using a flawed database, Horizon "breached its obligations to Plaintiff in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), by paying out of network reimbursement less than the amounts Horizon contractually agreed to pay." (Id., ¶¶ 24, 27.) It adds, in Count II, that benefits were underpaid based on Horizon's failure to abide by New Jersey state regulations applicable to a Small Employer Health Plan ("SEHP"). The

4

Complaint also predicates the ERISA breach of fiduciary duty claim on the use of inaccurate UCR data. It avers that reliance on such data amounted to a breach of the duties of prudence and loyalty "by making UCR and other ONET reimbursement determinations that benefitted themselves at the expense of insureds." (Id., ¶ 50.) Finally, the only other factual information in the Complaint alleging actual misconduct by Horizon states that Horizon "failed to disclose the methodology it relied on in determining UCR." (Id., ¶¶ 36, 40.)

Assuming the truth of these factual allegations, and reading them in context, the Complaint does not demonstrate that McDonough is entitled to relief under the legal theories asserted. It fails, under Rule 8(a), to give notice of what Horizon did in contravention of the terms of the health plan and/or in violation of ERISA. The complained-of contractual violations, allegedly resulting in unpaid benefits and fiduciary duty breaches, amount to sheer conclusions without a plausible factual predicate. The subject policy, the Complaint alleges, expressly permits Horizon to rely on an outside vendor's database to determine the UCR applicable to any given ONET claim and calculate benefits owed thereupon. The Complaint attacks the accuracy of the information contained in the database used by Horizon. It does not charge, nor reasonably permit the inference, that Horizon was somehow involved in the generation of flawed data or complicit with the outside vendor such that it could be faulted, as a breach of the health plan, for inaccurate UCRs. Moreover, the Complaint alleges that failure to disclose ONET claims processing methodology, including how UCR was determined, gives rise to liability, but it fails to allege that Horizon was under some contractual, statutory and/or regulatory obligation to provide such information and to allege the source of that obligation.

5

Putting aside the question of whether some of the claims even invoke cognizable causes of action, they all suffer from the from the same basic flaw. It is simply not clear from the Complaint what actions or inactions by Horizon might plausibly support its liability for various ERISA violations. For example, Count II identifies two requirements under New Jersey's SEHP regulation - that UCR determinations be equal to or greater than the 80th percentile of the most updated version of the Ingenix database[2] and that reimbursement of ONET hospital services be based on billed charges. (Compl., ¶ 31.) Without giving any factual enhancement regarding how these regulations were violated by Horizon, the Complaint avers in conclusory fashion that "Horizon's reimbursements to Plaintiff and the Class violated the SEHP Regulation" and therefore violated ERISA. (Id.) In Count V, Plaintiff claims that Horizon's failure to supply accurate Summary Plan Description materials violated ERISA, but such a vague statement is the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that does not pass muster under Rule 8(a). Iqbal, 129 S.Ct. at 1949. Nor does the Complaint's purported common law breach of contract claim, which makes its first appearance in her brief in opposition to this motion, even suggest much less demonstrate entitlement to relief. Identifying the class that McDonough, an ERISA plan beneficiary, proposes to represent as including all individuals covered by fully insured health policies written by Horizon may strive to encompass those who were members of an employer-sponsored plan as well as those who contracted directly with

---

[2] Ingenix is not identified in this Complaint. For purposes of clarity, however, the Court notes that Ingenix is an outside vendor that provides information used by insurance companies to determine UCR.

Horizon. However, the breadth of the Complaint's class definition cannot give proper Rule 8 notice to Horizon that, apart from Plaintiff's overt reliance on ERISA, she is also suing under analogous but unstated common law theories.

Following Iqbal, the Court has been mindful not to evaluate the factual allegations in isolation. Iqbal, 129 S.Ct. at 1950 (holding that reviewing whether complaint states plausible claim for relief is a content-specific task). Even so, the Court finds that the Complaint contains abundant legal conclusions, but is short on the substantive factual allegations on which liability must be based. The jurisprudence of examining a Complaint for sufficiency under Rule 12(b)(6) is clear. Legal conclusions are not entitled to the assumption of truth, and a complaint cannot surmount a Rule 12(b)(6) challenge without containing "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008); see also Iqbal, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

The Court notes that the Complaint references four related actions, brought by other plaintiffs against other providers of health insurance for underpayment of ONET claims. The Court is aware of those actions and is familiar with the complaints filed therein. Whatever factual allegations they may contain are inapposite to the instant Rule 12(b)(6) review. The only Complaint before the Court in this action is McDonough's, and the Court limits its scrutiny to her pleading.

While, for the reasons discussed above, the Court holds that the Complaint at bar fails to state a claim upon which relief may be granted, the Court will give Plaintiff an opportunity to

7

cure its deficiencies, consistent with the Third Circuit's guidance. Even when a plaintiff has not sought leave to amend a complaint found deficient upon Rule 12(b)(6) motion, she should be granted the opportunity to amend her complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Thus, pursuant to Federal Rule of Civil Procedure 15(a)(2) Plaintiff will be granted leave to file an Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss. Plaintiff will, however, be granted leave to file an Amended Complaint in accordance with the form of Order filed herewith.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: October 7, 2009