# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHLEEN MCDONOUGH, | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 09-571 (SRC) (PS)** |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD | : | |
| OF NEW JERSEY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Shwartz's November 16, 2012 Order (the "November 16 Order") denying Plaintiff's informal application to extend the expert discovery deadline nunc pro tunc to permit Plaintiff to serve the August 29, 2012 Certification of Sally Reaves.  Defendant Horizon has submitted opposition.  The Court notes that Plaintiff thereafter submitted a reply brief, though the governing rule, Local Civil Rule 72.1(c), does not permit such a filing.  The Court has considered the papers filed by the parties, including Plaintiff's improper reply brief.  For the reasons that follow, the November 16 Order will be affirmed.

I.      **Background**

The issue on appeal stems from Plaintiff's September 24, 2012 filing of a previously un-produced report of its damages expert, specifically, the August 29, 2012 Certification of Sally Reaves ("August 29 Reaves Certification").  Plaintiff submitted the August 29 Reaves Certification in connection with supplemental briefing requested by the Court following oral argument on Plaintiff's motion for class certification and in opposition to Defendant's motion to the exclude Reaves's opinion under Daubert.  By Order dated October 18, 2012, this Court granted Horizon's motion to strike the August 29 Reaves Certification.  Despite Plaintiff's insistence that the August 29 Reaves Certification merely clarified the expert's previous opinions, the Court concluded that it was a new and untimely expert report, which could not be served by Plaintiff without first applying to the Magistrate Judge for relief from her case management order.  Plaintiff subsequently made her application to Judge Shwartz to extend the discovery deadline nunc pro tunc to September 24, 2012 to permit production of the August 29 Reaves Certification.  The November 16 Order denying that application is the subject of this appeal.

Judge Shwartz's November 16 Order was accompanied by an oral opinion placed on the record on November 11, 2012.  In that opinion, Judge Shwartz began by noting that the discovery in this putative class action alleging under-reimbursement of health insurance benefits had been ongoing for years and had been extended by the Court numerous times.  She recited the many requests for extensions made by the parties and the numerous continuances granted by the Court.  Crediting Plaintiff's timeline of the production history, Judge Shwartz further noted that Horizon produced additional claims data after Reaves made her first affirmative expert report disclosure

but that the additional data was made available in October and December 2011, before the filing

of Plaintiff's motion for class certification.  Magistrate Judge Shwartz emphasized that although

the Court made clear that "any disputes that might deal with problems about court-ordered

production, including claims data, were to have been raised" by April 16, 2012, Plaintiff brought

no issue to the Court's attention.  (Nov. 11, 2012 Tr. at 7:13-17, docket entry 278-1.)  She

ultimately concluded that Plaintiff had not shown good cause to modify the court-ordered

schedule for disclosure of expert reports, as Rule 16(b)(4) would require.  Judge Shwartz rejected

as baseless Plaintiff's argument that the production of data by Horizon in late 2011 and early

2012 justified adjusting the deadlines, reasoning as follows:

> Here, the plaintiff has not provided good cause for the timing of this
> disclosure.  The data that is described in the plaintiff's portion of the
> submission was apparently all available to the plaintiff by her own
> description by February of 2012 and that any concerns about the
> sufficiency of the data production that had been court-ordered was to have
> been brought to the Court's attention by April 16, 2012, and plaintiff did
> not do so.  Therefore, it is fair to infer that all of the data that she now
> complains about, had been available for many months before Ms. Reaves
> prepared her August 29, 2012 expert report.

(Id. at 10:18-11:3.)

## II.    Discussion

Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c).

The standard according to which a magistrate judge's decision must be reviewed depends upon

whether the issue addressed was dispositive or non-dispositive.  Andrews v. Goodyear Tire &

Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000).  The November 16 Order on appeal concerns a

matter of case management, pursuant to Federal Rule of Civil Procedure 16, and is thus a non-

3

dispositive order.  See L. Civ. R. 72.1(a)(3); see also Schiano v. MBNA, No. 05-1771 (JLL),

2009 WL 1416040, at *2 (D.N.J. May 19, 2009) (noting that a "magistrate judge's decisions

regarding discovery and case management are non-dispositive" matters under 28 U.S.C. §

636(b)(1)).  Such a ruling is entitled to "great deference."  Eisai Co., Ltd. v. Teva Pharma. USA,

Inc., 629 F.Supp.2d 416, 433-34 (D.N.J. 2009).

    A district court may reverse a magistrate judge's determination of a non-dispositive issue

only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1) (A); Fed. R. Civ. P.

72(a); L. Civ. R. 72. 1(c)(1)(A).  A finding is clearly erroneous "when although there is evidence

to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Employers Mut. Liab.

Ins. Co. Of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333

U.S. 364, 395 (1948)).  A ruling is contrary to law if the magistrate judge has misinterpreted or

misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J.

1998).  The burden is on the party filing the notice of appeal to demonstrate that the magistrate

judge's decision was clearly erroneous or contrary to law.  Cardona v. General Motors Corp., 942

F. Supp. 968, 971 941.

    Federal Rule of Civil Procedure 16, which governs matters of pretrial scheduling and case

management, provides that a "schedule may be modified only for good cause and with the

judge's consent."  Fed. R. Civ. P. 16(b)(4).  Plaintiff argues that Judge Shwartz's decision not to

extend the deadline was "clearly erroneous" because the "dilatory" production of data by Horizon

justified adjusting the scheduling order to permit Plaintiff to produce an expert report utilizing

that data.  Her argument is belied by the record, which demonstrates, as noted by Judge Shwartz,

4

that Plaintiff had in her possession all of the relevant data for months before she sought to produce the August 29 Reaves Certification, did not complain about the adequacy of the data by the April 2012 date set to raise such concerns, and notably, only attempted to produce the new expert report after oral argument on class certification, when the Court required further briefing, in particular on the admissibility of Reaves's expert opinion and its support of the class certification motion.  Horizon points out that the August 29 Reaves Certification does not use the fee schedule data to which Plaintiff attributes the need to have prepared an untimely report, as her report continues to assume that every health benefits claim was determined by Horizon using the Ingenix data.  It is noteworthy that, in her reply brief, Plaintiff does not refute Defendant's assertion that none of the additional claims data produced was even the subject of the August 29 Reaves Certification. The Court must, moreover, emphasize that it was only when this Court held that it would not consider expert reports produced in violation of Judge Shwartz's case management orders that Plaintiff finally applied to Judge Shwartz for a good cause modification of the schedule.

Plaintiff apparently suggests that her failure to seek Judge Shwartz's permission before producing a late expert report is understandable in light of the indication that, had such an application been made, Judge Shwartz would likely have denied it.  In her own words, she explains:

> While Judge Shwartz accurately asserts that McDonough does not contend that it [sic] was still pressing for information after the April 16, 2012 deadline for filing a joint dispute letter regarding the data, by this point the expert deadlines had already expired.  Hindsight is 20-20 and there is no way of knowing whether an application to permit Ms. Reaves to file a supplemental expert report would have met with greater success if it was submitted earlier.  However, Judge Shwartz had previously denied an

> extension of expert deadlines requested on August 31, 2011, even where
> depositions of important witnesses had not been completed.  Horizon's
> June 2012 Daubert motion was unanticipated at that juncture and it was
> unclear that plaintiff would have to respond to that motion prior to the
> final pre-trial until directed to do so at the July 19, 2012 hearing before
> Your Honor.  Hence, McDonough has been caught unaware.

(Pl. Br. at 10.) Plaintiff's fear that Judge Shwartz would deny a timely request for an extension

hardly justifies a decision to forego making that application and to decide, instead, to prepare and

serve such a report on her own, without court approval.

Plaintiff contends that Judge Shwartz's order denying the extension was essentially a

sanction, subject to the analysis of Meyers v. Pennypack Woods.  This Court finds that Judge

Shwartz correctly determined that her order was not a sanction, as the extension was denied in

order to enforce the case management orders and deadlines already in place.  Indeed, the record

of Judge Shwartz's case management, which includes numerous reasonable continuances,

indicates that she has been diligent and generous in her approach to scheduling and has given the

parties ample opportunity to address discovery issues.

Plaintiff's appeal fails to recognize that November 16 Order is the result of Plaintiff's

own decision to ignore Judge Shwartz's scheduling order and seek relief from that order only

after being forced to pursue the appropriate course by this Court's October 18, 2012 Order

striking the August 29 Reaves Certification.  Such intentional and dilatory conduct cannot be

rewarded if complex cases, such as this action and the other "UCR" actions ably handled by

Judge Shwartz, are to be effectively managed.

### III.    Order

Accordingly, for the reasons set forth above,

**IT IS** on this 22nd day of January, 2013,

**ORDERED** that Plaintiff's motion to appeal the November 16, 2012 Order of Magistrate

Judge Shwartz denying Plaintiff's request to extend the expert discovery deadline <u>nunc</u> <u>pro</u> <u>tunc</u>

to permit Plaintiff to file the August 29, 2012 Certification of Sally Reaves [docket entry 278] be

and hereby is **DENIED**; and it is further

**ORDERED** that Judge Shwartz's November 16, 2012 Order be and hereby is

**AFFIRMED**.


      s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

7