NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CATHLEEN MCDONOUGH, <br><br> Plaintiff, <br><br> NEW JERSEY PSYCHOLOGICAL ASSOCIATION and BARRY HELFMANN, PSY.D., individually and on behalf of all other similarly situated individuals, <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> HORIZON HEALTHCARE SERVICES, INC. d/b/a BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., <br><br> Defendant. | **Civil Action No. 09-571 (SRC)** <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by the Plaintiff Class to require that a bond be posted by Appellants, who consist of objectors to the Class Action Settlement approved by this Court. These objectors were referred to as the "Katz Objectors" in the Court's July 9, 2014 Opinion, and the Court will do so in this Opinion as well. Plaintiffs assert that they will incur significant expenses in opposing the appeal of this Court's final approval of the Class Action Settlement. They maintain the Katz Objectors were motivated to pursue the appeal "in an attempt to disrupt and delay the settlement," which they believe is "based upon Mr. Katz's

personal animosity towards Class Counsel." (Pl. Br. at 2.) Plaintiffs argue that the appeal is therefore likely to be denied. Thus, because the costs of opposing the appeal are recoverable pursuant to 28 U.S.C. § 1920, Plaintiffs move for an order requiring the Katz Objectors to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7 in the amount of $25,000, the amount of costs they anticipate incurring. The Katz Objectors have opposed the motion, arguing that the costs that may be incurred by Class Counsel are minimal. Mr. Katz, counsel for the Objectors, also notes that Class Counsel Bruce Nagel has also engaged in the disruptive behavior of which he accuses Mr. Katz.

Initially, the Court must note that it is extremely disappointed that such fine attorneys as Class Counsel and counsel for the Katz Objectors continue to make the federal and state courts in New Jersey a forum for their personal feud. The Court declines to jump into the fray except to note that this ongoing conduct reflects poorly on the professionalism of all concerned.

Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of the costs on appeal." The Court has carefully reviewed the papers filed in connection with this motion. It finds, in its discretion, that requiring the Katz Objectors to post a bond is appropriate. The Court further finds that $2,500 is the amount reasonably necessary to ensure payment of costs on appeal. Accordingly,

**IT IS** on this 24th day of October, 2014,

**ORDERED** that the motion filed by the Plaintiff Class to require that a bond be posted by the Katz Objectors [docket entry 390] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Appellate Procedure 7, the Katz Objectors shall post a bond in the amount of $2,500 within 21 days of the date of this Order.

                                                                                              s/ Stanley R. Chesler
                                                                          STANLEY R. CHESLER
                                                                  United States District Judge